UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 07-158-GWU

JOHNNY BRANHAM, PLAINTIFF,

VS. **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

Johnny Branham brought this action to obtain judicial review of an unfavorable administrative decision on his application for Disability Insurance Benefits. The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial review of Social Security disability benefit cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

1

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to

07-158 Johnny Branham

support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these symptoms. 20 C.F.R. § 404.1529 (1991). However, in evaluating a claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1)

> whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986).

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way

to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987).  The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all.  Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case.  Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994).  One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities.  20 C.F.R. § 404.1567(b).  "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing.  20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990).  If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid.  Ibid.

In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Branham, a 48-year-old former undercarriage builder with a high school education, suffered from impairments related to hearing loss, right leg pathology, low back pathology and a depressive disorder. (Tr. 486-487). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 492). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 493). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 492).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

07-158  Johnny Branham

The hypothetical question presented to Vocational Expert Leah Salyers included an exertional limitation to medium level work restricted from a full range by such non-exertional restrictions as (1) an inability to more than occasionally climb, stoop, kneel, crouch or crawl; (2) a need to avoid even moderate exposure to noise and to be provided with hearing protection; (3) a need to avoid concentrated exposure to vibration; (4) a "moderately" limited ability to carry out detailed instructions, maintain attention and concentration for extended time periods, complete a normal workday and workweek without interruption from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods, interact appropriately with the general public, and respond appropriately to changes in the work setting; and (5) a limitation to simple tasks in a routine, low stress, non-public setting. (Tr. 756-757). In response, Salyers identified a significant number of jobs which could still be performed. (Tr. 757-758). Therefore, assuming that the vocational factors considered by the expert fairly characterized Branham's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Branham was found capable of performing a restricted range of medium level work in an administrative decision

8

07-158 Johnny Branham

which became final on June 7, 2004.[1] (Tr. 21-28). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-4(6) instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding . . . ." The ALJ's findings of a restricted range of medium level work is in accord with these directives.

The ALJ's findings with regard to Branham's physical condition were compatible with the restrictions identified by Dr. David Swan (Tr. 637-645) and Jorge Baez-Garcia (Tr. 690-698), the non-examining medical reviewers. Dr. Swan specifically noted that the current record revealed no material changes in the plaintiff's physical condition since the June, 2004 administrative denial decision. (Tr. 638). More severe, specific physical limitations than those found by the ALJ were not reported by such treating and examining sources as Dr. Richard Haydon (Tr. 630-636) and Dr. Samuel King (Tr. 699-707, 715-719). Furthermore, the claimant raises no issues concerning the ALJ's treatment of the evidence of record

---

[1] This denial decision was appealed to federal district court and affirmed by the Honorable David L. Bunning on March 22, 2006. Pikeville Civ. A. No. 04-310-DLB (E.D. Ky 2006).

9

relating to his physical condition.  Therefore, the court finds this portion of the administrative decision supported by substantial evidence.

The mental factors of the hypothetical question were consistent with the limitations identified by Psychologists Edward Stodola (Tr. 665-666) and Laura Cutler (Tr. 685-686), the non-examining medical reviewers.  Psychologist David Cook, an examining consultant, indicated that the plaintiff would have a "poor" ability to perform even simple, repetitive tasks, relate to others or tolerate stress. (Tr. 650).  These are more severe mental limitations than those found by the ALJ and presented in the hypothetical question.  The ALJ rejected this opinion in favor of the reviewers because the limitations did not appear to be well-supported in the record or even in the examiner's own report, and his activities were inconsistent with the restrictions.  (Tr. 488).  This action would appear appropriate.  Despite the severe mental restrictions, Cook rated the claimant's Global Assessment of Functioning (GAF) at 65.  (Tr. 649).  Such a GAF suggests the existence of only "mild" psychological symptoms according to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders (4th Ed.--Text Revision), p. 34. While the reviewers did not actually examine Branham, an ALJ may rely upon the opinion of a non-examiner over that of an examining source when the non-examiner clearly states the reasons for his differing opinion.  Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994).  Cutler noted that Cook's report did not indicate that

the plaintiff had shown signs of distress, attention problems or difficulty relating with the examiner and, so, she did not believe that Cook's restrictions were well-supported by the psychologist's narrative report. (Tr. 688). Stodola also opined that Cook's mental limitations were entitled to only a little weight. (Tr. 667). Therefore, the ALJ could properly reject Cook in favor of the reviewers.

Branham argues that the ALJ erred in evaluating the evidence of record concerning his mental problems.  The plaintiff notes that the mental limitations found by the current ALJ were somewhat different and less severe than those found by the ALJ in June, 2004 which were binding under Drummond.  These mental restrictions included a "seriously limited but not precluded" ability to understand, remember, and carry out detailed instructions and complex instructions, demonstrate reliability, and behave in an emotionally stable manner as well as a "limited but satisfactory" ability to deal with work stresses, relate to co-workers, deal with the public, use judgment, interact with supervisors, function independently, maintain attention and concentration, relate predictably in social situations, follow work rules, maintain personal appearance, and understand, remember and carry out simple instructions. (Tr. 27-28). The undersigned agrees that these restrictions are more severe than those found by the current ALJ.  The defendant asserts that the ALJ found improvement based on his review of updated medical evidence and, so, complied with Drummond. (Tr. 492). Furthermore, the record reveals that these

07-158  Johnny Branham

more severe mental restrictions were presented to Vocational Expert Elliott Michael at the April, 2004 hearing held in connection with the processing of the earlier application. (Tr. 471). In response, Michael identified a significant number of jobs which could be performed. (Tr. 472). Therefore, any error by the ALJ in not adopting the earlier mental restrictions would appear harmless.

Branham asserts that the current ALJ found additional mental limitations which the earlier ALJ did not find and, so, reliance upon the prior vocational testimony would not be appropriate. However, the court notes that the current ALJ stated that he intended his findings in this action to be consistent with the opinion of the ALJ in the June, 2004 denial decision. (Tr. 492). As previously noted, the current ALJ properly rejected the opinion of Cook, the only mental health examiner to see the claimant in the time period since the June, 2004 administrative decision, and the non-examining reviewers each opined that their opinions were intended to be consistent with the prior denial decision. (Tr. 667, 689). At most, any additional mental restrictions would appear to be based on a gratuitous finding by the ALJ rather than actual medical evidence. Therefore, the court finds that the earlier vocational testimony can be relied upon.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the court must grant the defendant's summary judgment

07-158 Johnny Branham

motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 4th day of June, 2008.

Signed By:
*G. Wix Unthank*
**United States Senior Judge**